UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANN FELLOWS, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Case No. 1:16-cv-00202-BR <br> ) |
| UMA EDUCATION INC. d/b/a <br> ULTIMATE MEDICAL ACADEMY, | ) <br> ) <br> ) <br> ) |
| Defendant. | ) |

## AMENDED COMPLAINT

NOW COMES Plaintiff, ANN FELLOWS ("Plaintiff"), by and through her attorneys, alleges the following against Defendant, UMA EDUCATION INC. d/b/a ULTIMATE MEDICAL ACADEMY, ("Defendant"):

### Nature of the Action

1. This action is brought by Plaintiff pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

### Parties

2. Plaintiff Ann Fellows is a natural person residing in Erie, Pennsylvania.

3. Defendant is a business entity located in Florida.

4. Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

### Jurisdiction and Venue

5. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

6.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the acts and transactions giving rise to this action occurred in this district as Plaintiff resides in this district and Defendant transactions business in this district.

## Factual Allegations

7.      Defendant began placing telephone calls to Plaintiff at telephone number (814) 397-26xx, which is Plaintiff's cellular telephone number.

8.      Defendant placed calls to Plaintiff using multiple telephone numbers, including, but not limited to, (813) 496-7680, (813) 559-1352, (813) 676-6153, (813) 496-7684, (813) 676-6088, (813) 676-4701, (813) 386-3072, (813) 676-6106, (813) 387-7591, (813) 676-5681, (813) 388-4979, and (813) 386-3078.

9.      Upon information and good faith belief, based on the frequency, number, nature and character of these calls, Defendant used an automatic telephone dialing system or other equipment capable of storing and/or producing telephone numbers to call Plaintiff.

10.     These calls were solicitations to persuade Plaintiff to sign up for online classes with Ultimate Medical Academy.

11.     These calls were not for emergency purposes.

12.     After the calls began Plaintiff received a call from Defendant and spoke with an employee of Defendant's identifying herself as Lori Nelson.

13.     Plaintiff instructed Defendant, through its employee, that she was not interested in Defendant's services.

14.     On November 11, 2015, Plaintiff received another call from Defendant and spoke with one of Defendant's employees, an individual identifying herself as Ranell, who stated that she was following up with Plaintiff's conversation with Lori Nelson.

15. Plaintiff again stated that she was not interested in Defendant's services, informed Ranell that Defendant was calling her cell phone, and to stop calling her cell phone.

16. Despite Plaintiff's explicit instruction Defendant continued to call Plaintiff's cell phone.

17. Since November 11, 2015, Defendant called Plaintiff's cell phone at least forty-five (45) times.

18. Defendant regularly called Plaintiff's cell phone two and three times per day, and called as much as eight (8) times in a single day.

19. Defendant used an automatic telephone dialing system to place these calls.

20. Defendant did not have Plaintiff's prior express consent to place these calls.

21. Defendant placed these calls voluntarily.

22. Defendant placed these calls under its own free will.

23. Defendant had knowledge that it was using an automatic telephone dialing system to place these calls.

24. Defendant had knowledge that it did not have Plaintiff's prior express consent to use an automatic telephone dialing system to place these calls.

25. Defendant willfully used an automatic telephone dialing system to place these calls.

26. Plaintiff is annoyed and feel harassed by Defendant's repeated calls to her cellular telephone which continued despite the fact she told Defendant that she was not interested.

CLAIM FOR RELIEF
Telephone Consumer Protection Act

27. Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

28. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

(1) Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

(2) Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

(3) All court costs, witness fees and other fees incurred; and

(4) Awarding such other and further relief as may be just, proper and equitable.

Respectfully submitted,

Dated: September 16, 2016

/s/ Adam T. Hill
Adam T. Hill
KROHN & MOSS, LTD.
10 N. Dearborn St., 3rd Fl.
Chicago, Illinois 60602
Telephone: 312-578-9428
Telefax: 866-861-1390
ahill@consumerlawcenter.com
Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 16, 2016, a true and correct copy of the foregoing was filed with the Clerk of Court via the following Court's CM/ECF filing system with service on all counsel of record.

                                                  /s/ Adam T. Hill
                                                  Adam T. Hill